IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GLENDA MAE CARLILE,

        Plaintiff,

v.                                                                No. 1:16-CV-01341-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(b), the Court has considered Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum, filed July 13, 2017 (Doc. 24), the Commissioner's response in opposition, filed September 13, 2017 (Doc. 26), and Plaintiff's reply, filed September 27, 2017 (Doc. 27). Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion is well-taken and should be granted.

### I. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## II. BACKGROUND

On January 28, 2014, Plaintiff filed an application for Social Security Disability Insurance (SSDI) benefits, alleging that she had been disabled since September 30, 2010, due to diabetes, Meniere's disease, and tinnitus. (AR 125, 148). Following a hearing held on November 17, 2015, Administrative Law Judge ("ALJ") David R. Wurm concluded that Plaintiff was not disabled and her claim was denied.

In making his decision, ALJ Wurm employed in the required five-step, sequential disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 30, 2010.[2] (AR 22). At step two, ALJ Wurm found that Plaintiff has the severe impairments of bilateral sensorineural hearing loss, tinnitus,

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. (AR 22).

Meniere's disease,[3] diabetes mellitus with neuropathy, and osteoarthritis of the left knee. (AR 22). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*

ALJ Wurm next assessed Plaintiff's Residual Functional Capacity ("RFC"), finding that Plaintiff has the RFC[4] to:

> perform light work as defined in 20 CFR 404.1567(b) except for occasional use of foot controls; occasional climbing of ramps or stairs; no climbing of ladders or scaffolds; occasional balancing and crouching; no exposure to unprotected heights or hazards such as moving mechanical parts; and, exposure to no more than moderate noise levels.

(AR 23).

ALJ Wurm then proceeded to step four of the disability analysis where he concluded that Plaintiff was able to perform her past relevant work as a telemarketer and, therefore, was not disabled. (AR 27). The ALJ's decision became final when, on October 11, 2016, the Appeals Council denied Plaintiff's request for review. (AR 1-4). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5).

### III. ANALYSIS

#### A. Plaintiff's Arguments

Plaintiff's request for reversal and remand is based on contentions that ALJ Wurm (1) improperly assessed evidence provided by Plaintiff's treating physician, Dr. Vittal T. Pai; (2) improperly assessed Plaintiff's RFC; (3) failed to make the required findings at step four; and (4)

---

[3] Meniere's disease is defined as "a disorder of the inner ear that causes severe dizziness (vertigo), ringing in the ears (tinnitus), hearing loss, and a feeling of fullness or congestion in the ear." Meniere's Disease Definition, NIH.com, https://www.nidcd.nih.gov/health/menieres-disease (last visited March 15, 2018).
[4] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

failed to develop the record.  Plaintiff also contends that the Appeals Council erred when it failed to consider additional medical evidence dated January 2016 to June 2016.

After meticulously combing the record, the Court finds that it is unable to follow the reasoning behind the ALJ's RFC determination as to Plaintiff's auditory impairments (including Meniere's disease).  Accordingly, the Court cannot conclude that the ALJ's decision is based on substantial evidence and it will reverse on this ground.  The Court will only reach Plaintiff's specific contentions to the extent relevant.

### B.  The ALJ's RFC Determination

In support of his RFC determination, ALJ Wurm provided a matter-of-fact summary of Plaintiff's medical records, hearing testimony, and Adult Function Report ("AFR"), and concluded that the RFC assessment "is supported by a preponderance of the evidence of record." (AR 27).  He followed this statement by explaining that he limited Plaintiff to light exertion and occasional use of foot controls due to her diagnosis of diabetes with neuropathy.  He further noted that the climbing, balancing, and heights and hazards limitations stem from Plaintiff's neuropathy and Meniere's disease, and that the limited exposure to no more than moderate noise levels is the result of Plaintiff's hearing loss and tinnitus.  (*Id.*).  Yet, ALJ Wurm never actually provides any link between the evidence of record and his RFC findings.

When assessing a claimant's RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work."  20 C.F.R. § 404.1545(a)(4).  This assessment is based on all of the evidence of record, including statements provided by medical sources about what the claimant is still able to do despite her impairments.  20 C.F.R. § 404.1545(a)(3). The ALJ must also consider descriptions offered by the claimant and other individuals regarding the limiting effects of the claimant's impairment(s) and symptoms.  *Id.*

While "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question[,]" *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012), substantial evidence must support the ALJ's RFC determination. *See, e.g.*, *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (explaining that factual findings must be supported by substantial evidence). Additionally, the ALJ's decision must provide the Court "with a sufficient basis to determine that appropriate legal principles have been followed." *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984).

While, on a pragmatic level, the Court is able to discern the ALJ's findings in terms of Plaintiff's diabetes mellitus with neuropathy and osteoarthritis,[5] it is unable to track how or why the ALJ determined that a limitation to moderate noise appropriately addresses Plaintiff's hearing loss and tinnitus, or how he concluded that limiting Plaintiff's climbing, balancing, and exposure to heights and hazards would address Plaintiff's Meniere's disease.

Plaintiff's medical evidence of record consistently reflects that she suffers from vertigo, tinnitus, and Meniere's disease. The bulk of this evidence does not offer any insights on the severity of these impairments or their limiting effects, yet the ALJ must have found that the evidence was sufficient to make a determination. *See* 20 C.F.R. § 404.1520b(b)(2). The Court, however, is unable to find that the record is sufficient because the ALJ never linked the medical evidence to his findings. This missing link also leaves the Court "to speculate what specific evidence led the ALJ" to his determination. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

It is clear that ALJ Wurm did not rely on any of the opinion or testimony evidence in the record. Four individuals provided such evidence and the ALJ discounted it all. The first two

---

[5] Plaintiff's Adult Function Report and physical examinations support these findings.

contributors were State agency consultants at the initial and reconsideration levels of review[6] who determined that Plaintiff did not have any severe impairments. The ALJ found that these opinions were inconsistent with later submitted evidence and afforded them "little weight."

The remaining two contributors, Plaintiff and one of her treating physicians, Dr. Vittal Pai, both expressed that Plaintiff has weekly "spells"/"attacks" that are characterized by ringing in the ears and vertigo to such a degree that Plaintiff must lie down and try to sleep. (AR 41, 45-46, 384).

Dr. Pai provided his opinion in a letter dated November 13, 2015, wherein he explained that Plaintiff experiences "high pitch[ed] ringing in both ears…with severe nausea and vomiting which lasts up to 1 hour." (AR 384). Dr. Pai added that Plaintiff gets these attacks two to three times a week and that she must lie down when they occur. (*Id.*). He then concluded his letter as follows. "I recommend [Plaintiff] not to drive alone and maybe [sic] very difficult to perform her duties as a telephone operator because of her hearing loss and ringing in both ears. I suggest she may be considered for her disability claim." (*Id.*).

Noting only the statements Dr. Pai made in his conclusion, ALJ Wurm gave the doctor's opinion "little weight" on the grounds that it was not particularly specific as to Plaintiff's limitations; that "an opinion on disability is in part a vocational opinion that is…an issue reserved for the Commissioner"; and that Plaintiff's audiometric test results were not diagnostic for the limitations alleged.

Generally speaking, medical opinions from a claimant's treating source should be given controlling weight if they are well-supported and consistent with the other substantial evidence

---

[6] The findings of State agency consultants at the initial and reconsideration levels of review become opinions at the ALJ and Appeals Council levels of review. SSR 96-6p, 1996 WL 374180 (July 2, 1996). Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263. Rescission effective for claims filed on or after March 27, 2017.

of record. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996).[7] Opinions on some issues, such as whether the claimant is disabled or unable to engage in her past relevant work, are not considered "medical opinions" and are, instead, reserved to the Commissioner. 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, *5 (July 2, 1996).[8] While the ALJ will not assign any special significance to the source of such an opinion, he must evaluate this evidence and "determine the extent to which the opinion is supported by the record." SSR 96-5p, 1996 WL 374183, *3 (July 2, 1996). In contrast, a treatment source's "judgments about the nature and severity of [a claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions" are considered "medical opinions" and may be entitled to controlling weight. 20 C.F.R. § 404.1527(a)(1).[9]

In the case at bar, the letter submitted by Dr. Pai did contain statements concerning issues reserved to the Commissioner—i.e., whether Plaintiff is able to perform her past work and whether she is disabled—and the Court accepts the ALJ's proffered reasons for discounting this evidence. However, Dr. Pai's letter also contained medical opinions regarding the severity of Plaintiff's symptoms, the frequency of Plaintiff's "attacks," and Plaintiff's need to lie down when she gets "attacks." The ALJ was required to consider these opinions and provide "good reasons" for the weight he assigned to them. *See* 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996). As there is no indication in the record that the ALJ considered or weighed this evidence, the Court is unable to meaningfully review the ALJ's decision to

---

[7] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263. Rescission effective for claims filed on or after March 27, 2017.
[8] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263. Rescission effective for claims filed on or after March 27, 2017.
[9] The Court notes that for cases filed on or after March 27, 2017, the term "medical opinion" is limited to "statement[s] from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in certain abilities. 20 C.F.R. § 404.1513(a)(2).

discount this portion of the doctor's opinion. *See, e.g.*, *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

Plaintiff provided her evidence in the form of testimony at the November 17, 2015 hearing. ALJ Wurm stated that he did not find Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms…entirely persuasive because they are not well supported by the medical and other evidence and for the other reasons explained in this decision." (AR 24). Yet, the medical evidence that speaks to Plaintiff's hearing loss, tinnitus, and Meniere's disease appears to be void of information regarding the severity or limiting effects of these impairments. And, the only explanation the ALJ appears to offer for his credibility finding is that Plaintiff's AFR indicates, inter alia, that she is able to care for her personal needs, drive a car, engage in hobbies, and spend time with others. (AR 27).

While "[c]redibility determinations are peculiarly the province of the finder of fact….[the findings] should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (internal quotations and citations omitted). Here, the ALJ fails to link Plaintiff's AFR, or any other evidence, to his credibility assessment of Plaintiff's auditory complaints. Further, there is no medical evidence of record that disputes Plaintiff's auditory complaints. In fact, Dr. Pai's comments as to the severity and frequency of Plaintiff's symptoms perfectly align with Plaintiff's claims. Accordingly, the ALJ's credibility determination is not supported by substantial evidence.

Because the Court "cannot simply presume that the ALJ applied the correct legal standards in considering" the medical evidence of record, including the opinion evidence provided by Dr. Pai, *Watkins*, 350 F.3d 1297, 1301 (10th Cir. 2003), and because the ALJ failed

to support his credibility determination with substantial evidence, the Court must reverse the Commissioner's decision and remand for further proceedings consistent with this order.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand to Agency for Rehearing (Doc. 24) is hereby GRANTED.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**